UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KHIRY JAMAL GATES,

        Plaintiff,

    v.

        Case No. 19-cv-1525-pp

EUTECTIC CASTOLIN, and JOHNNY DANIELS,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING WITHOUT PREJUDICE DEFENDANT CASTOLIN'S MOTION TO DISMISS (DKT. NO. 7) AND GIVING PLAINTIFF A DEADLINE BY WHICH TO FILE AMENDED COMPLAINT**

On October 16, 2019, the plaintiff, representing himself, filed a an employment discrimination complaint against Eutectic Castolin and Johnny Daniels. Dkt. No. 1. He also asked the court to allow him to proceed without prepaying the filing fee. Dkt. No. 2. Defendant Castolin has filed a motion to dismiss for failure to properly serve. Dkt. No. 7. The court will allow the plaintiff to proceed without paying the filing fee, but will require the plaintiff to file an amended complaint if he wants to proceed. The court will deny defendant Castolin's motion to dismiss without prejudice as premature.

**I.    Motion to Proceed without Prepaying the Filing Fee[1] (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine

---

[1] The plaintiff is not an incarcerated inmate; he lists his address as an apartment on Mill Road in Milwaukee, dkt. no. 1 at 1, and indicates that he is staying at different homes, dkt. no. 2 at 4. Yet he filed his request to proceed without prepaying the filing fee on the form used by prisoners. Dkt. No. 2.

1

whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is unemployed and is not receiving any unemployment income or any other form of income. Dkt. No. 2 at 4. He says that he is "staying at different homes throughout the week" and that he has "no stable housing." Id. He says that his friends and family help with food and clothing. Id. He also indicates that he filed for bankruptcy in 2016. Id. at 3. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee.

## II. Screening

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that they are entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claim; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. Because the plaintiff is representing himself, the court must liberally construe the allegations of the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

2

The plaintiff says that Eutectic Castolin is a "mixer/filler" at an address in Menomonee Falls, Wisconsin, and that Johnny Daniels is a "supervisor production" at the same address. Dkt. No. 1 at 2. He marked the box on the complaint indicating that he was suing under Title VII and for "retaliation and a specific charge on [his] criminal record." Id. at 3. He marked boxes next to "[f]ailure to hire me," "[t]ermination of my employment," "[f]ailure to promote me," "[u]nequal terms and conditions of my employment" and "[r]etaliation." Id. at 4. He says that the retaliatory acts happened from March 2019 through September 2019. Id. He marked the box next to "race" as the basis of the alleged discrimination, and says that "he said he doesn't like people of our color." Id.

The complaint form provided a space for the plaintiff to explain the facts of his case. He left that space blank. He indicated only that he filed a charge with the Equal Employment Opportunity Commission on October 1, 2019, and that he received a Notice of Right to Sue letter on October 9, 2019. Id. at 5. He concludes by stating that he is seeking financial compensation for the wrongful termination of his employment. Id. at 6. The plaintiff attached to the complaint a Notice of Right to Sue letter dated October 9, 2019. Dkt. No. 1-1.

The plaintiff has not stated a claim for which this court can grant relief. He named two defendants but does not explain who they are. Were they the plaintiff's supervisors? His bosses? His co-workers? The plaintiff does not explain where he worked. He appears to believe that he was discriminated against at his job because of his race, but he does not state what his race is.

He says that someone said he didn't like people of a certain color, but doesn't say who that person was. The plaintiff does not say who failed to hire him or who fired him (it's not clear how he could have been fired if he wasn't hired). He doesn't say who failed to promote him, who retaliated against him, or how.

The court will give the plaintiff a chance to file an amended complaint, telling the court what happened to him. For each person he wishes to sue, he must explain who that person is, what that person did to him, when and where they did it, how they did it and why they did it, if he knows. The plaintiff should tell the court the story of what happened to him, and why he believes the people he is suing violated his rights. The court is sending along with this order a blank complaint form for the plaintiff to use. He should write the word "Amended" at the top of the first page, next to the word "Complaint." He should put the case number for this case—19-cv-1525—on the line under "Case Number." The plaintiff should use the lines on pages 2 and 3 to tell the court the who, what, when, where and why of what happened to him. The court will also send the plaintiff a copy of Answers to Pro Se Litigants' Common Questions.

The plaintiff must file the amended complaint in time for the court to *receive* it by the end of the day on **March 6, 2020**. If the court receives an amended complaint by the end of the day on March 6, 2020, the court will screen that amended complaint to determine whether the plaintiff has stated a claim.

The court will deny defendant Castolin's motion to dismiss without prejudice as premature. Castolin asserts that the plaintiff did not serve him with the complaint within the ninety days specified in Fed. R. Civ. P. 4(m). But because the plaintiff is proceeding without a lawyer the court must screen the complaint before deciding whether to allow the plaintiff to proceed on any claims. If the plaintiff timely files an amended complaint, and if the court determines that it states a claim, the plaintiff then will be required to serve it as required by the Federal Rules of Civil Procedure on any defendants he sued.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES without prejudice** defendant Castolin's motion to dismiss. Dkt. No. 7.

The court **ORDERS** that by the end of the day on **March 6, 2020**, the plaintiff must file an amended complaint that complies with the instructions in this order. If the court does not receive an amended complaint by the end of the day on March 6, 2020, the court will dismiss this case for failure to state a claim and for failure to diligently prosecute under Civil Local Rule 41(c).

Dated in Milwaukee, Wisconsin this 10th day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**